UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DAVID SILVER**,

    Plaintiff,

    v.                                            **CIV. NO. 08-0041 RHS/DJS**

**REYNOLD M. SACHS**,

    Defendant.

## ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion to Compel filed January 8, 2009 (Docket No. 60). Briefing was completed on February 4, 2009. By this motion, Defendant seeks an order compelling Plaintiff to more fully respond to three interrogatories and four requests for production. In addition, Defendant seeks a stay of depositions until responses to the written discovery have been completed, an order striking Plaintiff's answer to an interrogatory, and an extension of discovery. Plaintiff contends that he has responded to Defendant's requests.

Defendant asserts that Plaintiff has failed to adequately respond to Defendant's Interrogatories Nos. 6, 17, and 19 as well as Defendant's Requests for Production Nos. 6, 9, 10, and 21. Defendant's Interrogatory No. 6 requests that Plaintiff provide the information regarding every lawsuit in which he has been involved as a party, including the caption of each case, the nature of the suit and the final disposition of the case, the attorneys involved and the court in which the lawsuit was filed. The interrogatory seeks this information for Plaintiff as well as for any corporation, partnership or other business entity in which he served as a director, partner, limited

1

partner, managing partner, officer, trustee, or for which he at any time held a twenty-five percent or greater ownership interest or otherwise controlled. In response, Plaintiff stated that the answer to the interrogatory was provided in his answer and documents sent in response to Defendant's requests for documents.

     Plaintiff's response is inadequate. While Fed.R.Civ.P. 33(d) provides

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Defendant's interrogatory seeks information not encompassed in documents which can be considered business records. Further, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3). Generally referring a requesting party to pleadings filed in a case, documents produced, or depositions is an inadequate response to an interrogatory. Williams v. Sprint/United Mgmt. Co, 235 F.R.D. 494, 501 (D.Kan.2006). Accordingly, Defendant's motion to compel is granted with respect to his Interrogatory No. 6 and Plaintiff will be required to provide a full, written answer to the interrogatory.

     Defendant's Interrogatory No. 17 requests that Plaintiff state the amounts of all judgments and/or tax liens Plaintiff carried at any time in the year 2007 and identify the name and address of the holder of all such judgments and/or liens. In response, Plaintiff described one tax lien relating to a 1996 bankruptcy. Defendant asserts that he believes that there have been judgments against Plaintiff or his corporation in effect in 2007 and requests that the interrogatory be answered in full.

Given the scope of the interrogatory and the fact that Plaintiff answered it, absent proof that the answer was incomplete the Court must assume that Plaintiff has made a complete response. Accordingly, Defendant's motion to compel will be denied with respect to this interrogatory.

Defendant's Interrogatory No. 19 requests that Plaintiff identify each and every title holder or owner of the Shining Sun property between January 1, 1995 and May 29, 2007 including the name, address, and telephone number of such owners. Defendant also requests that Plaintiff provide the dates each owner owned the property. Once again, Plaintiff responded by referring to unspecified documents provided in response to other discovery requests. As discussed above, this response is inadequate and Plaintiff will therefore be required to answer the interrogatory in writing and in full.

Defendant's Request for Production No. 6 seeks copies of all pleadings, depositions, discovery or other court filings identified in Plaintiff's answer to Interrogatory No. 9. In its motion to compel, Defendant does not provide any argument with respect to his Request for Production No. 6. Plaintiff likewise fails to address the discovery request in his response to the motion to compel, other than to generally state that he has provided documents to the extent he has copies.

"[D]iscovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." Snowden By and Through Victor v. Connaught Lab., 137 F.R.D. 325, 341 (D.Kan.1991). Further the burden is generally upon the party opposing discovery to establish lack of relevance, overbreadth, or undue burden in responding. See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 661, 662, 666 (D.Kan.2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections); Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 685 (D.Kan.1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery

3

request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome"). In this instance, Plaintiff has not met his burden. While he is not required to produce documents not in his possession or control, he must provide those documents responsive to Defendant's Request for Production No. 6 and indicate clearly which documents he is providing as responsive to that request.

Defendant's Request for Production No. 9 seeks copies of all documents related to Platinum Group, LLC, Almitak Partners, L.P. and Mintaka Corporation, including but not limited to Articles of Incorporation, corporate filings with the state, documents identifying officers and directors, and Federal and State income tax returns for the past ten years. Plaintiff responded that he did not have the responsive documents, while Defendant contends that those documents are under his control. A party must produce only those documents in its "possession, custody, or control" in response to a discovery request. Fed.R.Civ.P. 34(a)(1). Documents are deemed to be within a party's possession, custody or control if the party has actual possession, custody or control or has the legal right to obtain the documents on demand. <u>Starlight Int'l Inc. v. Herlihy</u>, 186 F.R.D. 626, 635 (D.Kan.1999). Further, the party seeking production of documents bears the burden of proving that the opposing party has the control required under Fed.R.Civ.P. 34(a). <u>Super Film of America, Inc., v. UBC Films, Inc.</u>, 219 F.R.D. 649, 653 (D.Kan.2004) (citing <u>Norman v. Young</u>, 422 F.2d 470, 472 (10th Cir.1970)). While Plaintiff is required to produce documents not only in his possession, but also his control, the Court cannot compel any further response absent some showing that Plaintiff has failed to produce documents in his possession.

Defendant's Request for Production No. 10 seeks a copy of any and all fully executed Silver Children's Irrevocable Trust Agreements executed in 2006 and 2007 and any such agreements executed or in existence in the last ten years. Plaintiff responded that the relevant documents were

in the possession of one of two other individuals, inferring that he did not have a copy. As discussed with respect to Defendant's Request for Production No. 9, Plaintiff is responsible for producing not only those documents in his possession, but under his control. The Court will require Plaintiff to respond to the request for production by producing the requested documents or by affirming that he does not have the legal right to access the documents on demand.

Defendant's Request for Production No. 21 seeks bank statements or wire transfer documentation for eight wire transfers listed in exhibits 30, 31 and 34 of the Complaint. In addition, Defendant also requests that Plaintiff provide documentation from the Wall Street Journal or the New York Times the closing price per share of four stocks as of close of trading on October 11 and October 31, 2007. Plaintiff did not provide responsive documents. The Court will compel Plaintiff to provide the requested documents regarding the wire transfers and broker account statements. However, Plaintiff will not be compelled to provide the publicly available information regarding the stock prices.

Defendant requests that the Court stay various depositions pending Plaintiff's complete responses to his discovery requests. The Court will not undertake such a stay. Defendant also requests that the Court enlarge the discovery period to allow him to conduct discovery in light of delay caused by the motion to compel and other discovery issues. The Court finds this request well taken.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is granted in part. Within ten days of the entry of this Order, Plaintiff will provide amended, verified responses to Defendant's Interrogatories Nos. 6 and 19 and to Defendant's Requests for Production Nos. 6, 10, and 21 as described above.

**IT IS FURTHER ORDERED** that the deadlines in this matter are extended as follows:

1. The parties shall complete discovery by May 15, 2009;
2. Motions regarding discovery shall be filed no later than May 20, 2009;
3. All pretrial motions regarding matters other than discovery shall be filed by July 15, 2009;
4. The pretrial order shall be submitted as follows: Plaintiff to Defendant by September 15, 2009, Defendant to Court by September 25, 2009.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**